IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

ANTOLIN GARCIA MANZANARES,

                Petitioner,                          OPINION AND ORDER

    v.                                     25-cv-426-wmc

WARDEN E. EMMERICH and
UNITED STATES OF AMERICA,

                Respondents.
_____

Petitioner Antolin Garcia Manzanares is an inmate incarcerated by the United States Bureau of Prisons at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"). Representing himself, Manzanares has filed a federal habeas corpus petition under 28 U.S.C. § 2241, arguing that he is entitled to an earlier release from confinement because he has been wrongfully denied time credits earned under the First Step Act ("FSA"). For the reasons explained below, the court will deny the petition and dismiss this case with prejudice.

OPINION

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241, to challenge the execution of his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (recognizing that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). To obtain a writ, petitioner must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). Under Rule 4 of the Rules Governing Section 2254 Cases, which also applies to proceedings under § 2241, the court may summarily dismiss a habeas petition if "it appears

1

from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

Petitioner is currently incarcerated as the result of a federal conviction from the United States District Court for the Middle District of North Carolina for:  (1) conspiracy to distribute cocaine hydrochloride; and (2) illegal reentry of a previously removed felon.  *See United States v. Antolin Garcia-Manzanares*, No. 1:15-cr-338 (M.D.N.C.).  He received a sentence of 192 months' imprisonment followed by a 3-year term of supervised release in that case.  His projected release date is June 6, 2028.

Petitioner argues that he would be entitled to an earlier release date if the BOP recalculated his sentence to include time credits earned under the First Step Act, 18 U.S.C. § 3632(d)(4)(A) (also known as FSA Time Credits or "FTCs").  The First Step Act affords eligible inmates the opportunity to earn these time credits, which apply toward time in prerelease custody or early transfer to supervised release, through successful participation in "evidence-based recidivism reduction programs or productive activities[.]"    18  U.S.C. § 3632(d)(4)(C).  However, even if an inmate is eligible to earn FTCs, BOP cannot apply them if the inmate "is the subject of a final order of removal under any provision of the immigration laws."   18 U.S.C. § 3632(d)(4)(E)(i) ("A prisoner is ineligible to apply time credits under subparagraph C if the prisoner is the subject of a final order of removal under any provision of the immigration laws[.]"); *see also* 28 C.F.R. § 523.44(a)(2) (stating that the BOP "may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release" for prisoners subject to a final order of removal under immigration laws).

Petitioner acknowledges that he is a deportable alien who is not eligible to have FTCs applied to his sentence for an earlier release date.  To the extent that petitioner argues that he

has been denied FTCs in violation of the right to due process and equal protection, he does not state a viable claim for relief. To show that due process protections apply, petitioner must first demonstrate that a protectable liberty interest exists. *Bunn v. Conley*, 309 F.3d 1002, 1010 (7th Cir. 2002) (citing *Solomon v. Elsea*, 676 F.2d 282, 284 (7th Cir. 1982)). As noted above, petitioner is statutorily ineligible to have FTCs apply to his sentence, and courts have held that prisoners do not otherwise have a constitutionally protected liberty interest in these credits. *See, e.g., Gant v. King*, No. 23-cv-1766, 2023 WL 6910771, at *3 (D. Minn. Oct. 19, 2023) ("prisoners do not have a protected liberty interest in the application of FSA time credits") (citations omitted); *Fontanez v. Rardin*, 2:23-cv-12415, 2024 WL 1776338, at *3 (E.D. Mich. 2024) (collecting cases). Accordingly, petitioner cannot establish a due process violation.

When analyzing an equal protection claim, courts must first determine whether the claim involves a suspect class or fundamental right. *Mass Bd. of Retirement v. Murgia*, 427 U.S. 307, 313 (1976) (per curiam) ("[E]qual protection analysis requires strict scrutiny of a legislative classification only when the classification impermissibly interferes with the exercise of a fundamental right or operates to the peculiar disadvantage of a suspect class."). The United States Supreme Court has held that Congress may lawfully distinguish between citizens and non-citizens in the provision of benefits. *Mathews v. Diaz*, 426 U.S. 67, 78-80 (1976). Thus, "[u]ndocumented aliens cannot be treated as a suspect class" for equal protection purposes. *Plyler v. Doe*, 457 U.S. 202, 223 (1982). Likewise, time credits on a federal sentence do not implicate a fundamental right that is implicitly or explicitly guaranteed by the Constitution. *Perez v. Zenk*, No. 04-cv-5069, 2005 WL 990696, at *4 (E.D.N.Y. Apr. 11, 2005); *see also Molina v. Underwood*, No. 3:19-cv-641-K-BN, 2019 WL 1533444, at *2 (N.D. Tex. Mar. 19, 2019) (summarily dismissing a § 2241 petition seeking immediate recalculation

3

of good-time credit under the First Step Act and rejecting equal protection and due process claims).  Absent a fundamental right or suspect classification, legislation is presumed valid if the challenged classification "is rationally related to a legitimate state interest." *Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 440 (1985); *Soskin v. Richardson*, 353 F.3d 1242, 12534 (10th Cir. 2004) ("[T]he federal government can treat aliens differently from citizens so long as the difference in treatment has a rational basis.").

Petitioner cannot prevail with an equal-protection challenge because courts have repeatedly recognized that the BOP has a rational basis to exclude aliens from receiving time credits or access to programs that would hasten their release to community-based housing such as a half-way house or home confinement.  *See, e.g., McLean v. Crabtree*, 173 F.3d 1176, 1185-86 (9th Cir. 1999) (excluding prisoners with detainers from participating in the community-based treatment phase is a reasonable means for eliminating the risk that prisoners with detainers will flee); *Builes v. Warden Moshannon Valley Corr. Ctr.*, 712 F. App'x 132, 134 (3rd Cir. 2017) (excluding prisoners with immigration detainers from residential drug rehabilitation programs and community-based confinement is rationally related to legitimate BOP interest in reducing the flight risk posed by prisoners facing removal); *Gallegos-Hernandez v. United States*, 688 F.3d 190, 196 (5th Cir. 2012) (excluding prisoners with immigration detainers from halfway-house placement is rationally related to preventing those detainees from fleeing); *see also United States v. Tamayo*, 162 F. App'x 813, 816 (10th Cir. Jan. 11. 2006) (per curiam) (agreeing with the decisions of courts holding that "there is a rational basis to deem deportable aliens, who will be sent out of the country after the term of their sentence, ineligible for programs geared toward rehabilitating prisoners who will re-enter society after their release from confinement").  As a result, courts -- including this one -- have repeatedly rejected equal-

protection challenges to the First Step Act's classifications based upon a prisoner's deportable status, concluding that "prohibiting removable aliens from applying time credits to their sentences and releasing them into the community serves the legitimate purpose of reducing the risk that aliens facing deportation will flee." *Cheng v. United States*, 725 F. Supp. 3d 432, 439 (S.D.N.Y. 2024); *see also United States v. Arellano-Felix*, No. 97-cr-2520, 2023 WL 1487293, at *3 (S.D. Cal. Jan. 31, 2023); *Lomeli v. Birkholz*, No. 23-cv-9461, 2024 WL 3528677, at *3 (C.D. Cal. June 18, 2024), R&R adopted, 2024 WL 3526881 (C.D. Cal. July 24, 2024); *Benitez-Diaz v. Emmerich*, No. 24-cv-369-wmc, 2024 WL 4869411, at *3 (W.D. Wis. Nov. 22, 2024).  Accordingly, petitioner fails to show that any FTCs apply to shorten his term of imprisonment or that his sentence has been calculated incorrectly.  Because he is not entitled to relief under 28 U.S.C. § 2241, his petition must be denied.

ORDER

IT IS ORDERED that:

1)  The federal habeas corpus petition filed by Antolin Garcia Manzanares is DENIED and this case is DISMISSED with prejudice.

2)  The clerk of court is directed to enter judgment and close the case.

Entered this 11th day of June, 2025.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

5